UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                    Chapter 13
Myron K. Johnson and                                     Case No. 13-35426-svk
Shevelle A. Johnson,
          Debtors.

## MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CLAIM NO. 15 FILED BY PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

In this case, the Trustee urges the Court to reconsider its ruling in *In re Washington,* 483 B.R. 871 (Bankr. E.D. Wis. 2012), allowing a late-filed proof of claim in a Chapter 13 case for a creditor without notice. After careful consideration, the Court grants the Trustee's request.

Myron and Shevelle Johnson (the "Debtors") filed a Chapter 13 petition on November 27, 2013. (ECF No. 1.) In their bankruptcy schedules, the Debtors listed the United States Department of Education and ECMC as their only student loan creditors. (*Id.* at 21, 24.) The bar date for creditors to file a claim was April 10, 2014. On July 31, 2015, Pennsylvania Higher Education Assistance Agency ("PHEAA"), filed a proof of claim for $87,349.73. (Claim No. 15.) PHEAA was not listed in the Debtors' schedules and did not receive notice of the claims bar date until after the bar date expired.[1]

The Chapter 13 Trustee objected to PHEAA's late-filed claim, and the parties have filed briefs. Unsurprisingly, PHEAA relies on the decision in *Washington,* in which I allowed a late-filed student loan claim based on due process considerations and the implication that the claims deadline in Bankruptcy Rule 3002 only applies to creditors who have received notice of the claims bar date. 483 B.R. at 876. In *Washington*, the Court cited a number of cases supporting the holding, including *In re Tarbell*, 431 B.R. 826 (Bankr. W.D. Wis. 2010); *Vicenty v. San*

---

[1] In September 2015, PHEAA transferred the student loan to ECMC. (ECF No. 84.) This transfer to a creditor with notice of the bar date does not affect PHEAA's lack of notice at the time it filed the Claim.

*Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493 (B.A.P. 1st Cir. 2005); and *In re Dodd,* 82 B.R. 924 (N.D. Ill. 1987). Since *Washington*, the Supreme Court decided *Law v. Siegel*, 134 S. Ct. 1188 (2014), the Seventh Circuit Court of Appeals issued *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015), and my colleague, Judge Halfenger, analyzed the issue in *In re Phillips*, No. 14-29453, 2015 Bankr. LEXIS 3315 (Bankr. E.D. Wis. Sept. 30, 2015). All of these cases and further study of the due process issue support reconsideration of the position taken in *Washington*.

In *Law v. Siegel*, the Supreme Court emphasized that the equitable powers of the bankruptcy courts must be exercised within the confines of the Bankruptcy Code. 134 S. Ct. at 1194. The Court cited *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 24-25 (2000), in which the Supreme Court stated: "Bankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements, but are limited to what the Bankruptcy Code itself provides."

The applicable Code section in this case is § 502(b)(9), which states that one reason to disallow a claim is if "proof of such claim is not timely filed." Section 502(b)(9) goes on to allow "tardily filed" claims under sections of the Bankruptcy Code not applicable here, or "under the Federal Rules of Bankruptcy Procedure." Bankruptcy Rule 3002(c) imposes a proof of claim deadline in Chapter 13 cases of 90 days after the first date set for the § 341 meeting of creditors, and Bankruptcy Rule 9006(b)(3) does not permit enlargement of that deadline except to the extent stated in Rule 3002. None of the exceptions in Rule 3002 apply here; there is no exception to the bar date for creditors who have not received notice of the bankruptcy. Accordingly, a strict application of the relevant Code and Rule provisions without an equitable gloss requires disallowance of PHEAA's tardy claim.

In *Pajian*, the Seventh Circuit Court of Appeals construed the claims filing deadline in Rule 3002 and found it applicable to secured as well as unsecured creditors. 785 F.3d 1161. The court's discussion strongly suggests a strict construction of the Rule, based on the plain language as well as policy considerations. For example, the Seventh Circuit noted:

> Requiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule. If we held otherwise, secured creditors could wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan. Each tardy filing from a secured creditor would likely require the debtor to file a modified plan, which would have to be served on all interested parties and considered by the court. All this would often lead to disruptive delays in plan confirmation hearings and would ultimately hinder the bankruptcy court's ability to manage its docket.

785 F.3d at 1164.

The same considerations militate against crafting equitable exceptions to permit late-filed claims. In this case, allowance of PHEAA's $87,000 claim could upset the confirmed plan or possibly force creditors who have received distributions to disgorge them, so that PHEAA can share in the plan payments.

In *Phillips*, the U.S. Department of Education did not have notice of the claims bar date in time to file a claim, and the Chapter 13 trustee objected to the Department's late-filed claim. 2015 Bankr. LEXIS 3315. Declining to craft an equitable exception to the Rule 3002 deadline based on *Law v. Siegel*, Judge Halfenger addressed the argument that disallowing the claim deprived the Department of due process. He first questioned whether the United States was a "person" entitled to due process protection.[2] *Id.* at *5. Even assuming the government was so-

---

[2] Although the government does not have a constitutional right to due process, courts have instead held that "fundamental fairness" requires adequate notice to governmental entities. *See, e.g., In re Hairopoulos*, 118 F.3d 1240, 1245 n.3 (8th Cir. 1997) (collecting cases).

-3-

entitled, Judge Halfenger determined that the deadline in Rule 3002 "does not offend the due process clause because it does not work a deprivation of property without adequate process." *Id.*

This conclusion is correct because an unscheduled creditor in a Chapter 13 case does not suffer the discharge of its debt. Section 1328(a)(2) provides that a Chapter 13 discharge does not include debts specified by § 523(a)(3); that section excludes from discharge debts that are not listed or scheduled in time for the creditor to file a timely proof of claim. Rather than the ability to file a claim and share in the plan distributions, it is the <u>discharge</u> of the debt without effective notice that violates the Fifth Amendment. For example, in *In re XO Commc'ns., Inc.*, 301 B.R. 782, 791-92 (Bankr. S.D.N.Y. 2003), the court explained:

> Before a debtor can obtain a discharge of a claim in bankruptcy, however, the Due Process Clause of the Fifth Amendment dictates that a debtor's creditors receive notice of the debtor's bankruptcy case and applicable bar date so that creditors have an opportunity to make any claims they may have against the debtor's estate. *See generally In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993) (noting that the Fifth Amendment protects against deprivation of life, liberty or property, without due process of law. A claim against the bankruptcy estate constitutes property within the meaning of the Amendment and cannot be <u>forfeited</u> through proceedings lacking in due process.).

(emphasis supplied; internal quotations and parentheticals omitted).

In this case, PHEAA's unscheduled claim will not be forfeited because it will not be discharged.[3] Therefore, PHEAA's due process rights are not denied by the disallowance of its late-filed claim. The automatic stay does serve to hamper PHEAA's collection rights, and, in *Washington*, I was concerned about the prejudice to the creditor caused by the potential five-year delay in collecting its claim. However, "it is a fundamental bankruptcy principle that Code

---

[3] This issue arises often in Chapter 11 cases in which plan confirmation can act as a discharge of claims; numerous courts have held that due process requires that a creditor receive notice of the bar date for filing claims and notice of the confirmation hearing. Lacking that notice the creditor is not bound by the plan and its claim is not discharged. *See, e.g., Reliable Elec. Co. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir. 1984) ("the discharge of a claim without reasonable notice . . . is violative of the fifth amendment"); *In re Arch Wireless*, 332 B.R. 241, 253 (Bankr. D. Mass. 2005) (collecting cases).

provisions that delay the exercise of the creditor's remedies are not, per se unconstitutional, even with respect to the property of rights of secured creditors." *In re Shaffer*, 2014 Bankr. LEXIS 4585, *4-5 n. 2 (Bankr. E.D. Pa. Nov. 3, 2014). The lesson of these cases is that the delay caused by the application of the automatic stay during the term of the Chapter 13 plan does not violate the creditor's constitutionally protected property rights.

This Court also expressed skepticism in *Washington* that the unscheduled student loan creditor could obtain relief from stay to avoid the delay and immediately begin collection proceedings. 483 B.R. at 874. I have reconsidered that proposition as well. As the court noted in *In re Blakely*, 440 B.R. 443, 445-46 (Bankr. E.D. Va. 2010), "An unscheduled creditor may be granted relief from the stay. This may affect the ability of the debtor to complete a chapter 13 plan. It may cause the plan to fail. Both are considerations, but should be evaluated in relation to the creditor body as a whole and the debtor's knowledge of the omission." A debtor's failure to schedule a creditor in time to file a proof of claim, thereby preventing the creditor from participating in the bankruptcy case, constitutes cause for granting the creditor relief from the stay. *See In re Wrobel*, 197 B.R. 289, 296 (Bankr. N.D. Ill. 1996) ("Denial of the stay modification would be especially inequitable in light of the fact that the Debtor conspicuously failed to give notice of her Current Chapter 13 to the State Court and Datlow until her first State Court appearance after the deadline for filing claims had passed."); *In re Wright*, 300 B.R. 453, 466 (Bankr. N.D. Ill. 2003) (discussing "cause" for relief from stay and observing that "The Seventh Circuit has instructed that relief is appropriate when 'equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems.'" *IBM v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991).).

Here, the Debtors failed to schedule an $87,000 student loan debt, and they proposed a plan stating that "Claim [sic] subject to 11 U.S.C. §523(a)(8) shall be treated as if current during the plan and at the completion of the plan shall be non-dischargeable and deemed current." (ECF No. 2 at 6.) The Court recently construed the same provision for student loan creditors in another plan and found it ambiguous and unenforceable. *See In re Stevens*, No. 14-33862, 2015 Bankr. LEXIS 4180 (Bankr. E.D. Wis. Dec. 14, 2015). These facts suggest that, unlike in *Washington*, cause may well exist to grant PHEAA relief from stay.

In sum, the Court should not exercise equitable powers to allow PHEAA's late claim in contravention of express provisions of the Bankruptcy Code and Rules. And enforcing the claims bar date for an unscheduled creditor without notice in a Chapter 13 case does not violate the creditor's due process rights, because the creditor's claim will not be discharged. To avoid waiting to collect its claim until the Chapter 13 plan is completed, among other remedies, PHEAA can seek relief from the stay, and strong precedent exists for granting that relief.

The Court will issue a separate order sustaining the Trustee's objection and disallowing PHEAA's proof of claim.

Dated: January 8, 2016

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge

-6-